UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SANCHEZ,<br><br>                Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.; CORECIVIC, LLC; CORECIVIC OF TENNESSEE, LLC; OTAY MESA DETENTION CENTER; DOES 1 to 20; and CHRISTOPHER J. LAROSE,<br><br>                Defendants. | Case No.:  3:25-CV-1944-JES-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 4]** |

Plaintiff Bonnie Sanchez ("Plaintiff") brings this action against Defendants CoreCivic, Inc; CoreCivic, LLC; CoreCivic of Tennessee, LLC; Otay Mesa Detention Center; Does 1 to 20; and Christopher J. LaRose ("Defendants"), alleging multiple causes of action arising from a sexual assault she states occurred during her detention at Otay Mesa Detention Center. ECF No. 1-4. Defendant moves to dismiss Plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). ECF No. 4. For the reasons stated herein, Defendant's motion is **GRANTED** in part and **DENIED** in part.

# I. BACKGROUND

## A. Factual background

In 2021, Plaintiff Bonnie Sanchez was incarcerated at Otay Mesa Detention Center ("OMDC") serving a criminal sentence. ECF No. 1-4 ("FAC") ¶ 8. During her incarceration, Plaintiff claims that she was sexually assaulted by an individual working at OMDC who "invaded Plaintiff's body and person by touching her private areas without Plaintiff's consent." *Id.* at ¶ 9.

Plaintiff states that the person who harmed her was "one of Defendants' employees." *Id.* Plaintiff alleges that Defendants "knew, or should have known, of the officer's propensity for sexual and physical misconduct but failed to take appropriate action" to prevent Plaintiff's harm. *Id.* at ¶ 10. Plaintiff further alleges that her assault, in the context of other assaults at OMDC, is part of "a de facto policy and/or practice by Defendants to permit, authorize, ratify, and allow such abuse to occur." *Id.* at ¶ 13.

Plaintiff states that she suffered violation of her bodily autonomy, physical injury, and emotional distress as a result of sexual assault. *Id.* at ¶ 14.

## B. Procedural background

The present action is the fourth time similar parties have been in federal court on claims arising from this set of facts. On February 21, 2024, Plaintiff sued CoreCivic Inc.; CoreCivic, LLC; CoreCivic of Tennessee, LLC; Otay Mesa Detention Center; and Does 1 to 20 in San Diego Superior Court. ECF No. 1-3. CoreCivic removed the case to federal court on the basis of diversity jurisdiction. *Sanchez v. CoreCivic, Inc. et al.*, 24-cv-885-L-VET, ECF No. 1 (S.D. Cal. May 20, 2024). The court remanded the case, stating that Defendants failed to provide sufficient information to establish diversity jurisdiction. *Id.* at ECF No. 2 (S.D. Cal. May 24, 2024).

In July of 2024, Defendants again removed the case to federal court with increased factual information to establish diversity jurisdiction. *Sanchez v. CoreCivic, Inc. et al.*, 24-cv-1199-L-VET, ECF No. 1 (S.D. Cal. Jul. 12, 2024). Defendants filed a motion to dismiss Plaintiff's claims after removal. *Id.* at ECF No. 22 (S.D. Cal. Dec. 16, 2024) ("Prior

Motion"). The court there granted in part and denied in part the motion to dismiss, granting Plaintiff leave to amend. *Id.* at ECF No. 26 (S.D. Cal. Apr. 21, 2025) ("Prior Order"). Plaintiff then filed an amended complaint, adding OMDC Warden Christopher LaRose as a defendant in this action. *Id.* at ECF No. 32 (S.D. Cal. June 18, 2025). The court *sua sponte* found that Defendant LaRose and Plaintiff are both California residents, destroying diversity jurisdiction, and remanded the action to state court. *Id.* at ECF No. 34 (S.D. Cal. June 30, 2025).

Defendants again removed the action on July 30, 2025, bringing this action before the Court today. ECF No. 1.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513

F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

When a court dismisses a complaint under FRCP 12(b)(6), it must then decide whether to grant leave to amend. FRCP 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III.    DISCUSSION

#### A.    Jurisdiction

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Federal subject matter jurisdiction arises either under 28 U.S.C. § 1331, for cases arising under federal law, or under § 1332, for cases in which the parties are completely diverse and the amount in controversy is over $75,000. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Federal courts are constitutionally required to raise issues of federal subject matter jurisdiction, *sua sponte* if necessary, before proceeding to the merits of a case. *Id.* at 514; *Ruhrgas AG v. Marathon Oil Co.*, 625 U.S. 574, 577 (1999). When a case is removed from state to federal court multiple times, the subsequent removal must arise from a change in circumstances and not a grounds for removal that Defendant previously omitted. *Reyes v. Dollar Tree Stores*, 781 F.3d 1185, 1188 (9th Cir. 2015); *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("Successive removals are therefore improper absent a showing that the posture of the case has so changed that it is substantially a new case.") (internal quotations omitted).

|   |   |
|---|---|
| 1 | Defendants argue three bases for jurisdiction in the present removal of this action: (1) that Defendants are entitled to federal officer removal under 28 U.S.C. § 1442(a)(1); (2) that LaRose was fraudulently joined, making diversity jurisdiction proper, and (3) that plaintiff raises federal claims when she alleges broadly that her constitutional rights were violated. ECF No. 1 ¶¶ 22, 55, 56. Defendants' claim of federal officer jurisdiction arises from basic underlying facts of this case, such as Defendants' federal contract, which existed at the time of the first complaint but which Defendants did not raise in their first or second removal. *See Sanchez v. CoreCivic et al.*, 24-cv-885-L-VET, ECF Nos. 1-2; 1 (S.D. Cal. May 20, 2024); *Sanchez v. CoreCivic, Inc. et al.*, 24-cv-1199-L-VET, ECF No. 1 (S.D. Cal. Jul. 12, 2024). Defendants are precluded from raising that basis for removal for the first time here. *See Reyes*, 781 F.3d at 1188. The Court also does not find sufficient basis in Plaintiff's complaint for Defendant's third basis for jurisdiction regarding constitutional rights, because Plaintiff does not raise a specific constitutional cause of action. *See* ECF No. 1-4 ¶¶ 59, 61, 62. |

Defendants argue three bases for jurisdiction in the present removal of this action: (1) that Defendants are entitled to federal officer removal under 28 U.S.C. § 1442(a)(1); (2) that LaRose was fraudulently joined, making diversity jurisdiction proper, and (3) that plaintiff raises federal claims when she alleges broadly that her constitutional rights were violated. ECF No. 1 ¶¶ 22, 55, 56. Defendants' claim of federal officer jurisdiction arises from basic underlying facts of this case, such as Defendants' federal contract, which existed at the time of the first complaint but which Defendants did not raise in their first or second removal. *See Sanchez v. CoreCivic et al.*, 24-cv-885-L-VET, ECF Nos. 1-2; 1 (S.D. Cal. May 20, 2024); *Sanchez v. CoreCivic, Inc. et al.*, 24-cv-1199-L-VET, ECF No. 1 (S.D. Cal. Jul. 12, 2024). Defendants are precluded from raising that basis for removal for the first time here. *See Reyes*, 781 F.3d at 1188. The Court also does not find sufficient basis in Plaintiff's complaint for Defendant's third basis for jurisdiction regarding constitutional rights, because Plaintiff does not raise a specific constitutional cause of action. *See* ECF No. 1-4 ¶¶ 59, 61, 62.

Jurisdiction is proper, however, under 28 USC § 1332 because the parties are completely diverse following Plaintiff's concession that Defendant Christopher J. LaRose ("LaRose") is an improper defendant. Defendants argue that LaRose was fraudulently added, and, moreover, that he should be dismissed from this lawsuit because Plaintiff does not allege sufficient facts to state a cause of action against him. ECF No. 1 ¶ 55; ECF No. 4 at 27. Plaintiff does not refute either of these claims. Further, Plaintiff's opposition to Defendant's motion to dismiss does not mention LaRose's name once or even list LaRose as a defendant on the coversheet. ECF No. 10 at 1. The Court finds that Plaintiff has conclusively conceded the issue that LaRose is not a proper defendant in this lawsuit. Plaintiff is a citizen of California, and the CoreCivic Defendants are citizens of Delaware, Tennessee, and Maryland. ECF No. 1 ¶¶ 14-17. Plaintiff's FAC does not state a dollar amount of damages, but her initial complaint prayed for damages in excess of ten million dollars on substantively similar claims. ECF No. 1-3 at 3; *cf.* ECF No. 1-4. Therefore, the

requirements of diversity jurisdiction are met and the Court has jurisdiction to hear this case. *See* 28 U.S.C. § 1332.

### B.     The Law of the Case

Because the prior court ruled on a motion to dismiss in this action before remanding the case, the doctrine of the law of the case applies to claims brought in this motion. The law of the case doctrine posits that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal quotation omitted). Even in transfer cases, a court should be "loathe" to disregard the law of the case except where a prior ruling was "clearly erroneous and would work a manifest injustice." *Id.* at 817. Here, a court in this district has already ruled on a motion to dismiss on substantively similar claims between these parties, denying in part and granting in part Defendants' prior motion to dismiss. *See* Prior Order. The court granted Plaintiff leave to amend, resulting in the amended complaint now before this Court. *Id.* at 10. This Court shall ratify the previous court's substantive rulings on the previous motion to dismiss where required by the law of the case so long as they are not clearly erroneous and likely to work a manifest injustice.

### C.     Defendant Christopher J. LaRose

As stated above, Defendants argue that all claims against LaRose should be dismissed because Plaintiff fails to plead specific facts regarding his liability. ECF No. 4 at 27. Plaintiff does not refute this, does not mention LaRose in her opposition to Defendant's motion to dismiss, and did not include him as a defendant on the coversheet of her opposition. ECF No. 10 at 1. Plaintiff has conceded that she failed to state a claim against LaRose. The Court **GRANTS** the motion to dismiss all causes of action in this suit against LaRose with prejudice, finding that the opportunity to amend would be futile based on Plaintiff's failure to pursue these claims.

### D. Defendant Otay Mesa Detention Center

Defendants argue that all claims against OMDC should be dismissed because OMDC is incapable of being sued as a non-jural entity. ECF No. 4 at 13. Defendants raised the same argument in their motion to dismiss the second time this action was removed. Prior Motion at 22. The court there ruled against Defendants on this issue, declining to take judicial notice of Defendant's proffered evidence that OMDC is not a legal entity. Prior Order at 4. The court's decision did not constitute clear error because it was based on the well-established principle that courts should not take judicial notice of disputed facts in a 12(b)(6) motion. *See id.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (holding that a court can take notice matters of public record but "cannot take judicial notice of disputed facts contained in such public record.") Under the doctrine of the law of the case, Defendants may not raise again arguments that were already decided by a prior ruling. The motion to dismiss all claims against OMDC is **DENIED**.

### E. Sexual Assault, Battery, and Assault claims

Defendants argue that Plaintiff's FAC fails to state a claim for her causes of action of sexual battery, battery, and assault. ECF No. 4 at 15. Defendants state that Plaintiff's allegations on these causes of action are conclusory and merely recite the elements of those causes of action. *Id.* Defendants further argue that Plaintiff fails to show vicarious liability that could make the administrative defendants liable for her harm. ECF No. 4 at 19.

Defendants made the same arguments in their first motion to dismiss. Prior Motion at 8-11. The court there found that Plaintiff had sufficiently pled sexual assault, presumably against the Doe defendants as the direct perpetrators of that assault, and that she sufficiently pled vicarious liability for her injuries against OMDC. Prior Order at 11. Finding neither clear error nor manifest injustice in the prior court's rulings, the Court thus **DENIES** Defendant's motion to dismiss the sexual assault claims against OMDC and Does 1-20 based on the law of the case.

Regarding the assault and battery claims, the previous court found that Plaintiff had failed to refute Defendants' arguments in their motion dismiss. *Id.* at 8. The court dismissed

those claims with leave to amend. *Id*. In the present motion, Plaintiff now refutes Defendant's arguments regarding her sexual assault, battery, and assault claims based on the facts of her harm. ECF No. 10 at 5-6. The Court finds that this is sufficient to meet the pleading standard under 12(b)(6). These claims are sufficiently alleged through direct liability against the Doe defendants as the presumptive perpetrators of Plaintiff's harm, and through vicarious liability against OMDC under the prior court's ruling. *Id*. The Court thus **DENIES** Defendant's motion to dismiss the assault and battery claims against OMDC and Does 1-20.

Although the previous court granted leave to amend for Plaintiff to show vicarious liability against the CoreCivic defendants, her amended complaint still fails to state a claim against those Defendants for sexual assault, battery, and assault. *Id*. Employers are vicariously liable for the torts of their employees when they are committed within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296 (1995). For intentional torts under California law, employers are held liable only when there is a causal nexus between the intentional tort and the employee's work. *Id*. at 297. At the hearing on this motion, Plaintiff stated that her showing of employer liability as to the CoreCivic defendants was contained in Paragraph 9 of the amended complaint, which states in relevant part: "During Plaintiff's incarceration at Otay Mesa Detention Center in 2021, Plaintiff was sexually assaulted by one of Defendants' employees." ECF No. 4 ¶ 9. This sentence is insufficient to state a claim for vicarious liability against the CoreCivic defendants because it states neither that CoreCivic employed the individual nor that the individual was acting within the scope of his employment when he committed sexual assault, battery, and assault. During oral argument, Plaintiff initially stated she could amend the complaint to properly allege these claims. The Court does find that granting leave to amend is proper regarding these claims, because Plaintiff could state a claim against the CoreCivic defendants if she can state facts showing that they employed the person who assaulted her, that the assault occurred within the scope of employment, and that there was a causal nexus between the assault and the employee's work. The Court thus

**GRANTS** Defendant's motion to dismiss the sexual assault, battery, and assault claims against CoreCivic with leave to amend.

Based on the law of the case and Plaintiff's compliance with the prior court's ruling regarding her opportunity to amend, the motion to dismiss is **DENIED** with respect to Plaintiff's sexual assault, battery, and assault claims against OMDC and Does 1-20. Defendant's motion to dismiss Plaintiff's claims of sexual assault, battery, and assault is **GRANTED** as to the CoreCivic Defendants, with leave to amend to show specific facts showing employer liability for those defendants.

### F. Negligence

Defendants argue that Plaintiff fails to state a claim for negligence because she does not plead facts showing breach or causation. ECF No. 4 at 16. In its order on the prior motion to dismiss, the previous court dismissed these claims with leave to amend because Plaintiff failed to dispute the arguments in Defendants' motion to dismiss. Prior Order at 8. In the present motion, Defendants argue that Plaintiff does not state sufficient non-conclusory facts showing that Defendants breached their duty to Plaintiff, and that such breach both actually and proximately caused her harm. ECF No. 4 at 18. In response, Plaintiff points to sections of her complaint discussing other instances of alleged misconduct at OMDC and stating that "Defendants knew or should have known of the officer's propensity and proclivity for sexual and physical misconduct but failed to remove his access to female inmates." ECF Nos. 10 at 11; 1-4 at ¶ 45. Without more non-conclusory facts, other instances of misconduct by other officers do not show that Defendants breached their duty of care to Plaintiff regarding this officer, or that such breach caused the harm she suffered. At the hearing on this motion, when asked if Plaintiff could produce facts showing breach and causation if granted leave to amend, Plaintiff said that she could not. ECF No. 12. Thus, the motion to dismiss Plaintiff's claim of negligence as to all Defendants is **GRANTED** with prejudice.

### G. Sexual Harassment

Defendants argue that Plaintiff fails to state a claim for sexual harassment under Cal. Civ. Code § 51.9 because she cannot establish a business, service, or professional relationship between herself and Defendants. ECF No. 4 at 22; *see* Cal. Civ. Code § 51.9(a)(1). In the prior motion to dismiss, the previous court found that Plaintiff had conceded her sexual harassment claim by failing to oppose Defendants' arguments, and therefore granted the motion to dismiss with leave to amend. Prior Order 8. Now, Plaintiff argues that she has alleged a relationship falling under § 51.9 because of its catch-all provision regarding "a relationship that is substantially similar" to the business relationship mentioned. ECF No. 10 at 13. Plaintiff does not explain how the relationship between a correctional officer and an incarcerated person is like the relationships listed, or cite any cases finding business or professional relationships involving incarcerated individuals. At the hearing on this motion, Plaintiff openly conceded this issue and claim. ECF No. 12. Thus, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's sexual harassment claim with prejudice, because leave to amend would be futile.

### H. Bane Act

Plaintiff raises a claim arising under the Bane Act, Cal. Civ. Code § 52.1, for the first time in her amended complaint. ECF No. 1-4 at 12. To state a claim under the Bane Act, a plaintiff must show "violence or intimidation by threat of violence […] due to plaintiff's membership in one of the specified classifications set forth in Civil Code section 51.7 or a group similarly protected by constitution or statute from hate crimes." *Consuela v. Browning-Ferris Industries of California, Inc.*, 68 Cal.App.4th 101, 111 (1998). As opposed to other remedies, "Civil Code § 52.1 focuses specifically on the *additional* element present especially in hate violence, viz., putting persons in fear of their safety." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012) (emphasis in original).

Defendants move to dismiss this claim on the grounds that Plaintiff does not allege threat, intimidation, or coercion, or that such action prevented her from exercising her constitutional rights. ECF No. 4 at 24. In response, Plaintiff states only that she had the

right to be free from cruel and unusual punishment under the Eighth Amendment. ECF No. 10 at 14. The Court finds Plaintiff's claim under the Bane Act, stating no specific facts regarding threat, intimidation, or coercion, insufficient to state a claim. Further, at the hearing on this motion to dismiss, Plaintiff fully conceded her Bane Act claim. ECF No. 12. Thus, Defendant's motion to dismiss the Bane Act claim is **GRANTED** and that claim is dismissed with prejudice. The Court finds that it would be futile to allow Plaintiff further leave to amend this claim based on her four sentence opposition to Defendants' motion to dismiss on this issue and her concession at hearing. *See* ECF Nos. 10 at 9-10; 12.

### I.  Punitive Damages

Defendants argue that Plaintiff has not stated any claim under which punitive damages may be granted. ECF No. 4 at 24. Because "[p]unitive damages constitute a remedy, not a claim[,] […] a motion to dismiss is not the proper mechanism to challenge a prayer for punitive damages" unless all claims under which punitive damages could be granted are dismissed. *Sturm v. Rasmussen*, 2019 WL 625167 at *2-3 (S.D. Cal. 2019) (internal quotations and citations omitted). In the previous court's order on the prior motion to dismiss regarding punitive damages, the court granted the motion to dismiss with leave to amend because Plaintiff failed to refute Defendants' argument. Prior Order at 10. Here, Plaintiff refutes Defendant's argument by explaining that her allegation of a pattern of behavior could give rise to punitive damages. ECF No. 10 at 14. Plaintiff's claims of Sexual Assault, Battery, and Assault against OMDC survive this motion to dismiss and could give rise to punitive damages under California law. *See* Cal. Civ. Code § 3294(b) (under which employers may be liable for punitive damages when they have advanced knowledge of the risk that caused a plaintiff's harm). Thus, Defendants' motion to dismiss Plaintiff's allegation of punitive damages is **DENIED**.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** with prejudice as to Plaintiff's claims arising under negligence (Plaintiff's Fourth Cause of Action), Sexual Harassment (Plaintiff's Fifth Cause of Action), and the Bane Act

(Plaintiff's Sixth Cause of Action). Defendant's motion to dismiss all claims as to Defendant Christopher J. LaRose is also **GRANTED** with prejudice. Defendants' motion to dismiss Plaintiff's claims of Sexual Assault, Battery, and Assault as to Defendants Otay Mesa Detention Center and Does 1 to 20 is **DENIED**. Defendants' motion to dismiss Plaintiff's claims of Sexual Assault, Battery, and Assault as to Defendants CoreCivic Inc., CoreCivic, LLC, and CoreCivic of Tennessee is **GRANTED** without prejudice and with leave to amend for Plaintiff to include sufficient factual allegations of employer liability to meet the pleading standard. Should Plaintiff decide to file an amended complaint, she must do so within **21 days** of this order. If Plaintiff files an amended complaint, Defendants are ordered to file a response within **14 days** of the filing of the amended complaint. If Plaintiff decides not to file an amended complaint, the case will proceed with the claims and Defendants that were not dismissed and said Defendants are ordered to file a response no later than **35 days** from the date of this order.

**IT IS SO ORDERED**.

Dated: October 20, 2025

Honorable James E. Simmons Jr.
United States District Judge