Dana M. Keene, CA Bar # 324993
Shannon L. Knorr, CA Bar # 300399
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600
dkeene@strucklove.com
sknorr@strucklove.com

*Attorneys for Defendants CoreCivic, Inc.,*
*CoreCivic, LLC, CoreCivic of Tennessee, LLC, Otay*
*Mesa Detention Center, and Christopher J. LaRose*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SANCHEZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC; CORECIVIC, LLC; CORECIVIC OF TENNESSEE, LLC; OTAY MESA DETENTION CENTER; CHRISTOPHER J. LAROSE; and DOES 1-20, inclusive;<br><br>                                    Defendants. | NO. 25-cv-01944-JES-BLM<br><br>**DEFENDANT OTAY MESA DETENTION CENTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Otay Mesa Detention Center [1] ("OMDC"), through counsel, submits its Answer to Plaintiff's First Amended Complaint. (Dkt. 1-4.) Defendant denies each allegation and each claim for relief contained in Plaintiff's First Amended Complaint not specifically admitted or otherwise pled to. Defendant admits, denies, and alleges as follows:

## PARTIES AND VENUE

1. In answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendant is without sufficient information to form a belief as to the truth of

---

[1] Defendants CoreCivic, Inc., CoreCivic, LLC, CoreCivic of Tennessee, LLC, and Christopher J. LaRose were dismissed with prejudice pursuant to this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (Dkt. 13). No response is required on behalf of these Defendants, and none is provided.

Plaintiff's current residence and on this basis denies the allegation. Defendant admits only that at the time of the alleged incident (the occurrence of which is denied), Plaintiff claims she was detained at OMDC in San Diego, California.

2. Paragraph 2 of Plaintiff's First Amended Complaint is directed, in part, at Defendants CoreCivic, Inc., CoreCivic, LLC, and CoreCivic of Tennessee, LLC, which were dismissed from this lawsuit pursuant to this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Order"). (Dkt. 13 at 11–12.) Accordingly, no response is required on behalf of those dismissed Defendants, and none is provided. To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations, and specifically denies that it is an entity doing business in California. Defendant affirmatively asserts that it is the name of a detention center, and that it is a non-jural entity that is incapable of being sued.

3. Paragraph 3 of Plaintiff's First Amended Complaint is directed at a Defendant who was dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required. (Dkt. 13 at 6, 12.) To the extent a response is required, Defendant admits that Christopher J. LaRose was the Senior Warden of OMDC and was a resident of California at all times relevant to Plaintiff's First Amended Complaint. All remaining allegations are denied.

4. In answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph, including the alleged identity of any Doe Defendant, and therefore denies them. Defendant further denies that Plaintiff was sexually assaulted by a CoreCivic officer during her detention at OMDC, that her rights were otherwise violated, or that she was injured.

5. Paragraph 5 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed

at Defendant OMDC, Defendant denies all allegations.  Defendant affirmatively asserts that it is the name of a detention center, and that it is a non-jural entity that is incapable of being sued.

## FACTUAL BACKGROUND

6.     Paragraph 6 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations.  Defendant specifically denies that it is a "jailor," that it has "business practices," that it operates any detention center, or that it is "responsible for the oversight, security, maintenance, and well-being of the inmates housed in [] detention centers."  Defendant affirmatively asserts that it is the name of a detention center, and that it is a non-jural entity that is incapable of being sued.

7.     Paragraph 7 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant admits only that OMDC is the name of a detention center owned and operated by CoreCivic, Inc., and that it is located at 7488 Calzada de la Fuente, San Diego, California. Defendant denies all remaining allegations in this paragraph, including that it operated OMDC and that OMDC is a "minimum-to-medium-security federal prison."

8.     In answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendant denies that Plaintiff was an inmate and that she was transferred to OMDC to serve part of her criminal sentence.  Defendant affirmatively asserts that Plaintiff was detained at OMDC from approximately March 17, 2021 to April 28, 2021 as a pretrial detainee in the legal custody of the U.S. Marshal's Service.  Defendant is

without sufficient information to form a belief as to the truth of the remaining allegations and, therefore, denies them.

9. Paragraph 9 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations.

10. Paragraph 10 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations.

11. Paragraph 11 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations, and further denies each allegation contained in subpart (a) through (d). Defendant affirmatively asserts that it is the name of a detention center, that it does not employ any individual, and that it is a non-jural entity that is incapable of being sued.

12. In answering Paragraph 12 of Plaintiff's First Amended Complaint, the ACLU report referenced by Plaintiff in this paragraph speaks for itself. Defendant denies the substantive content of the report, and objects to Plaintiff's reliance on the report on hearsay, foundation, and authentication grounds.

13. Paragraph 13 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and

none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations.

14. Paragraph 14 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations.

## FIRST CAUSE OF ACTION

### SEXUAL BATTERY

### [Cal. Gov. Code § 1708.5]

15. Paragraph 15 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 14 as if fully set forth herein.

16. In answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendant asserts that this paragraph sets forth a legal standard to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff alleges the elements of sexual battery under Cal. Civ. Code § 1708.5 but denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for sexual battery, and Defendant denies all liability.

17. Paragraph 17 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant admits only that Plaintiff was detained at OMDC in 2021. Defendant denies all remaining allegations in this paragraph. Defendant

specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for sexual battery, and Defendant denies all liability.

18. Paragraph 18 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for sexual battery, and Defendant denies all liability.

19. Paragraph 19 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for sexual battery, and Defendant denies all liability.

20. Paragraph 20 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and

none is provided. (Dkt. 13 at 11–12). To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for sexual battery, and Defendant denies all liability.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

## SECOND CAUSE OF ACTION

### ASSAULT

23. Paragraph 23 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 22 as if fully set forth herein.

24. In answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendant asserts that this paragraph sets forth a legal standard to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff alleges the elements of assault under California state law but denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for assault, and Defendant denies all liability.

25. Paragraph 25 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and

none is provided. (Dkt. 13 at 11–12). To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for assault, and Defendant denies all liability.

26. Paragraph 26 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for assault, and Defendant denies all liability.

27. Paragraph 27 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for assault, and Defendant denies all liability.

28.    Paragraph 28 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for assault, and Defendant denies all liability.

29.    Defendant denies the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

30.    Defendant denies the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

## THIRD CAUSE OF ACTION

### BATTERY

31.    Paragraph 31 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 30 as if fully set forth herein.

32.    In answering Paragraph 32 of Plaintiff's First Amended Complaint, Defendant asserts that this paragraph sets forth a legal standard to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff alleges the elements of battery under California state law but denies that Plaintiff was injured by a CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for battery, and Defendant denies all liability.

33. Paragraph 33 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for battery, and Defendant denies all liability.

34. Paragraph 34 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual. Plaintiff has no legal basis to sue Defendant for batter, and Defendant denies all liability.

35. Paragraph 35 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any

individual.  Plaintiff has no legal basis to sue Defendant for batter, and Defendant denies all liability.

36.     Paragraph 36 of Plaintiff's First Amended Complaint is directed, in part, at Defendants who were dismissed from this lawsuit pursuant to this Court's Order and, therefore, no response is required on behalf of those dismissed Defendants, and none is provided. (Dkt. 13 at 11–12.) To the extent Plaintiff's allegations are directed at Defendant OMDC, Defendant denies all allegations. Defendant specifically denies that Plaintiff was injured by any CoreCivic officer during her detention at OMDC. Defendant affirmatively asserts that it is the name of a detention center, that it is a non-jural entity that is incapable of being sued, and that it did not employ any individual.  Plaintiff has no legal basis to sue Defendant for batter, and Defendant denies all liability.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendant denies the allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

## FOURTH CAUSE OF ACTION

### GENERAL NEGLIGENCE

39.     Paragraph 39 is an incorporation paragraph to which no response is required.  To the extent a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 38 as if fully set forth herein.

40.     In answering Paragraph 40 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim.  (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

41.     In answering Paragraph 41 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for

failure to state a claim. (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

42.   In answering Paragraph 42 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

43.   In answering Paragraph 43 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

44.   In answering Paragraph 44 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

45.   In answering Paragraph 45 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

46.   In answering Paragraph 46 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

47.    In answering Paragraph 47 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim.  (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

48.    In answering Paragraph 48 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim.  (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

49.    In answering Paragraph 49 of Plaintiff's First Amended Complaint, Plaintiff's Fourth Cause of Action was dismissed by the Court with prejudice for failure to state a claim.  (Dkt. 13 at 9, 11.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

## FIFTH CAUSE OF ACTION

## SEXUAL HARASSMENT

## [Cal. Civ. Code § 51.9]

50.    Paragraph 50 is an incorporation paragraph to which no response is required.  To the extent a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 49 as if fully set forth herein.

51.    In answering Paragraph 51 of Plaintiff's First Amended Complaint, Plaintiff's Fifth Cause of Action was dismissed by the Court with prejudice for failure to state a claim.  (Dkt. 13 at 10–12.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

52.    In answering Paragraph 52 of Plaintiff's First Amended Complaint, Plaintiff's Fifth Cause of Action was dismissed by the Court with prejudice for failure

to state a claim. (Dkt. 13 at 10–12.) Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

53.    In answering Paragraph 53 of Plaintiff's First Amended Complaint, Plaintiff's Fifth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.) Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

54.    In answering Paragraph 54 of Plaintiff's First Amended Complaint, Plaintiff's Fifth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.) Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

55.    In answering Paragraph 55 of Plaintiff's First Amended Complaint, Plaintiff's Fifth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.) Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

56.    In answering Paragraph 56 of Plaintiff's First Amended Complaint, Plaintiff's Fifth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.) Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

57.    In answering Paragraph 57 of Plaintiff's First Amended Complaint, Plaintiff's Fifth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.) Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

## SIXTH CAUSE OF ACTION

### TOM BANE CIVIL RIGHTS ACT

### [Cal. Civ. Code. § 52.1]

58.    Paragraph 58 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 57 as if fully set forth herein.

59.    In answering Paragraph 59 of Plaintiff's First Amended Complaint, Plaintiff's Sixth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

60.    In answering Paragraph 60 of Plaintiff's First Amended Complaint, Plaintiff's Sixth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

61.    In answering Paragraph 61 of Plaintiff's First Amended Complaint, Plaintiff's Sixth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

62.    In answering Paragraph 62 of Plaintiff's First Amended Complaint, Plaintiff's Sixth Cause of Action was dismissed by the Court with prejudice for failure to state a claim. (Dkt. 13 at 10–12.)  Therefore, no response is required and none is provided. To the extent a response is required, Defendant denies all allegations.

## **PRAYER FOR RELIEF**

In answering Plaintiff's Prayer for Relief, Defendant denies all allegations of wrongdoing and denies that Plaintiff is entitled to any of the relief requested, including attorneys' fees and/or costs.

## **AFFIRMATIVE DEFENSES**

1.    As a separate defense and in the alternative, Defendant alleges that it is a non-jural entity that is incapable of being sued.

2.    As a separate defense and in the alternative, Defendant alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

3.    As a separate defense and in the alternative, Defendant alleges that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

4.    As a separate defense and in the alternative, Defendant alleges that any actions or inactions alleged on the part of Defendant were not the actual and/or proximate cause of any injuries, losses, and/or damages to the Plaintiff, if any, thereby barring recovery.

5.    As a separate defense and in the alternative, Defendant alleges that it is entitled to all privileges and immunities under California and/or federal law.

6.    As a separate defense and in the alternative, Defendant alleges that it is entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, preemption, and the government contractor defense.

7.    As a separate defense and in the alternative, Defendant alleges that its conduct did not violate any applicable standard of care.

8.    As a separate defense and in the alternative, Defendant alleges that the operation of OMDC was at all times consistent with the applicable standard of care.

9.    As a separate defense and in the alternative, Defendant alleges that it did not breach any duty owed to Plaintiff.

10.    As a separate defense or in the alternative, Defendant alleges that OMDC did not employ any individual(s) during the relevant timeframe and, therefore, cannot be directly or vicariously liable for any claims asserted in this lawsuit.

11.    As a separate defense and in the alternative, Defendant alleges that any and all allegations of sexual assault of any kind was not in furtherance of any employment/employer and was outside the course and scope of employment.

16                          Case No. 25-cv-01944-JES-BLM

12.    As a separate defense and in the alternative, Defendant alleges that Plaintiff suffered no actual injuries and/or damages.

13.    As a separate defense and in the alternative, Defendant alleges that Plaintiff's injuries, if any, were caused by a third-party over whom Defendant had no control.

14.    As a separate defense and in the alternative, Defendant alleges that Plaintiff's injuries, if any, were proximately caused by an intervening and/or superseding act for which Defendant is not liable.

15.    As a separate defense and in the alternative, Defendant alleges that Plaintiff failed to mitigate her damages, if any.

16.    As a separate defense and in the alternative, Defendant alleges that it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

17.    As a separate defense and in the alternative, Defendant alleges that Plaintiff was fully or partially at fault and that such fault caused or contributed to the alleged damages complained of in Plaintiff's First Amended Complaint.

18.    As a separate defense and in the alternative, Defendant alleges that Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the First Amended Complaint.

19.    As a separate defense and in the alternative, Defendant alleges that Plaintiff, by her own acts and/or omissions, waived her rights, if any, to recover against Defendant.

20.    As a separate defense and in the alternative, Defendant alleges that Plaintiff, by her own acts and/or omissions, is estopped from recovering against Defendant because Plaintiff's own actions directly or proximately caused the incident.

21.    As a separate defense and in the alternative, Defendant alleges that Plaintiff agreed to, and/or participated in, those actions which Plaintiff claims caused

injury or damage, making Plaintiff's claim invalid.

22. As a separate defense and in the alternative, Defendant alleges that Plaintiff has failed to state a claim against any individual employee of Defendant, which precludes any vicarious liability on behalf of Defendant as the alleged employer.

23. As a separate defense and in the alternative, Defendant alleges that the First Amended Complaint fails to state a claim for damages sufficient to support an award of attorneys' fees, costs, expert witness fees, and other litigation fees or expenses as against Defendant.

24. As a separate defense and in the alternative, Defendant alleges that Defendant's actions were in furtherance of legitimate detention goals.

25. As a separate defense and in the alternative, Defendant alleges that Defendant's actions were constitutionally protected.

26. As a separate defense and in the alternative, Defendant alleges that Plaintiff's state-law claims are federally preempted.

27. As a separate defense and in the alternative, Defendant alleges that it had no constructive or actual knowledge of the circumstances that allegedly caused Plaintiff's injuries, if any, and through reasonable diligence, could not have known of any alleged unfitness or incompetence on the part of its employees, if any.

28. As a separate defense and in the alternative, Defendant alleges that Plaintiff's alleged injuries, if any, existed prior to the conduct complained of in the First Amended Complaint.

29. As a separate defense and in the alternative, Defendant alleges that Defendant is entitled to an offset against damages, if any, for all amounts Plaintiff may have received from any other source for her alleged injuries.

30. As a separate defense and in the alternative, Defendant alleges that the First Amended Complaint and each and every cause of action therein fails to state facts sufficient to constitute a claim for punitive damages or exemplary damages

against Defendant in any amount whatsoever, or at all.

31.     As a separate defense and in the alternative, Defendant alleges that the standards under which punitive damages are sought and awarded contain insufficient discretion limiting standards for the imposition of such damages, sufficient notice to Defendant regarding either the nature of the prescribed conduct or the consequences thereof, and insufficient standards for appellate review of punitive damage awards, all in violation of the equal protection and due process clauses of both the United States and California Constitutions.

32.     Defendant reserves the right to amend its Answer to Plaintiff's First Amended Complaint to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up to and including trial in this matter.

**WHEREFORE**, Defendant respectfully requests that:

A.     Plaintiff's First Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B.     Defendant be awarded costs, expenses, and attorneys' fees; and

C.     Defendant be awarded such other and further relief as this Court deems just and equitable.

/ / /

/ / /

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all triable issues.

Dated: December 9, 2025

By s/Shannon L. Knorr
Dana M. Keene
Shannon L. Knorr
STRUCK LOVE ACEDO, PLC

*Attorneys for Defendants CoreCivic, Inc., CoreCivic, LLC, CoreCivic of Tennessee, LLC, Otay Mesa Detention Center, and Christopher J. LaRose*

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 9, 2025 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated:  December 9, 2025

By s/ B. Bull

Case No. 25-cv-01944-JES-BLM